CERTIFIED COPY

E-FILED
Wednesday, 01 December, 2004  09:49:01 AM
Clerk, U.S. District Court, ILCD

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois  60604

Submitted October 21, 2004
Decided November 3, 2004

Before

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Nos. 01-4104 & 03-3202

| | |
|---|---|
| LISA WILLIAMS-LINDSEY,<br>*Plaintiff-Appellant,*<br><br>v.<br><br>NATIONAL CAR RENTAL SYSTEM, INC.,<br>*Defendants-Appellees.* | Appeal from the United States District Court for the Central District of Illinois.<br><br>No. 4:99-cv-04101-JBM<br><br>Joe Billy McDade,<br>*Chief Judge.* |

O R D E R

The following are before the court:

1. MOTION OF DEFENDANT-APPELLEE NATIONAL CAR RENTAL SYSTEM, INCORPORATED, TO DISMISS PLAINTIFF'S ORIGINAL APPEAL AS MOOT, filed on July 30, 2004, by counsel.

2. BRIEF OF PLAINTIFF-APPELLANT LISA WILLIAMS-LINDSEY IN OPPOSITION TO MOTION OF DEFENDANT-APPELLEE NATIONAL CAR RENTAL SYSTEM, INCORPORATED, TO DISMISS PLAINTIFF'S ORIGINAL APPEAL AS MOOT, filed on August 17, 2004, by counsel.

Appeal nos. 01-4104 & 03-3202                                              Page Two

    3.    SUPPLEMENTAL MEMORANDUM OF DEFENDANT-APPELLEE NATIONAL CAR RENTAL SYSTEM, INCORPORATED, IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S ORIGINAL APPEAL AS MOOT, filed September 16, 2004, by counsel.

    4.    APPELLEE'S RESPONSE TO ORDER TO SHOW CAUSE DATED MAY 27, 2004, filed June 8, 2004, by counsel.

National Car Rental System's, Inc. ("National") has moved to dismiss as moot Williams-Lindsey's appeals of summary judgment on her employment discrimination claim and an award of attorney's fees. The parties' original submissions lacked authority to support their arguments so we ordered them to submit supplemental memoranda with citations; only National complied. For the following reasons, we grant National's motion to dismiss in part and deny it in part.

Williams-Lindsey managed one of National's branch locations. After the company terminated her, she sued her former employer for discriminatory discharge, wage discrimination, hostile workplace, and retaliatory discharge. Williams-Lindsey voluntarily dismissed all claims but her discriminatory discharge claim at summary judgment, which the district court granted to National. She filed a notice of appeal from this judgment on November 23, 2001. That same day, National submitted a bill of costs in the amount of $5,718.01 and petitioned the court for attorney's fees, which the court granted in part in August 2002. After National submitted documentation of its fees, in July 2003 the district court entered an amended judgment against Williams-Lindsey in the amount of $19,215.01. Williams-Lindsey filed a timely notice of appeal from this judgment; we consolidated the two actions.

Meanwhile, on November 13, 2001, National submitted a voluntary Chapter 11 petition to the Bankruptcy Court for the District of Delaware. National served Williams-Lindsey with a notice of bankruptcy a week later and on November 30, 2001, we ordered proceedings in the appeal stayed pursuant to 11 U.S.C. § 362(a). Almost one year later, in November 2002, Williams-Lindsey was served with a notice requiring her to file a proof of claim with the bankruptcy court by January 14, 2003. She never did. In April 2004, the bankruptcy court approved National's Chapter 11 reorganization plan in which Williams-Lindsey was not listed as a creditor.

National now argues that Williams-Lindsey's failure to file a proof of claim bars her from pursuing her employment discrimination claim on appeal. We agree. As a contingent creditor of National, Williams-Lindsey was required to file a proof of claim against National, Fed. R. Bank. P. 3003(c)(2), or else be disallowed from asserting it, see 11 U.S.C. § 502(b)(9). There is an exception for those suits which

Appeal nos. 01-4104 & 03-3202                                      Page Three

are really against third parties, such as insurers, *see In re Hendrix*, 986 F.2d 195, 197-98 (7th Cir. 1993); *In re Fernstrom Storage & Van Co.*, 938 F.2d 731 (7th Cir. 1991)), but in this case any damages Williams-Lindsey might obtain from National would not meet the $500,000 deductible for its coverage, *see* 42 U.S.C. § 1981a(b)(3) (punitive and compensatory damages capped at $300,000 for Title VII actions). Thus, Williams-Lindsey's failure to file a timely proof of claim bars her appeal of the district court's grant of summary judgment.

But National wants the whole case dismissed, and so contends further that "[b]ecause the allowance of costs is included in the [original] judgment . . . any appeal of the costs allowance is likewise moot." This argument ignores *Budinich v. Becton Dickenson and Co.*, 486 U.S. 196, 199-202 (1988), which holds that an appeal from an award of fees is independent of an appeal from a merits determination. *See also Production and Maintenance Employees' Local 504 v. Roadmaster Corp.*, 954 F.2d 1397, 1401 (7th Cir. 1992) ("Decisions about fees are separate 'final decisions' only after there is a judgment on the merits."). Moreover, the decision to award attorney's fees was not wholly dependent on National's status as a prevailing party; fees in employment actions may be awarded to a defendant only when "the plaintiff's action was frivolous, unreasonable, or without foundation." *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978); *Payne v. Milwaukee County*, 288 F.3d 1021, 1026 (7th Cir. 2002). Review of the decision to grant attorney's fees is independent from both the decision to grant summary judgment and National's status as a prevailing party and is not mooted by the dismissal of the underlying action.

Therefore, National's motion to dismiss is **GRANTED** with respect to appeal no. 01-4104 of the summary judgment order, but **DENIED** with respect to appeal no. 03-3202 of the order assessing costs and fees.

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

**NOTICE OF ISSUANCE OF MANDATE**

DATE:    November 29, 2004

TO:    John M. Waters
       United States District Court
       Central District of Illinois
       Room 40
       211 - 19th Street
       Rock Island, IL  61201

**FILED**

DEC 1 2004

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

FROM:    Gino J. Agnello, Clerk

RE:    01-4104
       Williams-Lindsey v. Nat'l Car Rental
       99 C 4101, Joe Billy McDade, Chief Judge

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any.  A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate.

    [X] No record filed
    [ ] Original record on appeal consisting of:

**ENCLOSED:**                                   **TO BE RETURNED AT LATER DATE:**
    [ ]    Volumes of pleadings                 [ ]
    [ ]    Loose pleadings                      [ ]
    [ ]    Volumes of transcripts               [ ]
    [ ]    Volumes of exhibits                  [ ]
    [ ]    Volumes of depositions               [ ]
    [ ]    In Camera material                   [ ]
    [ ]    Other_____     [ ]

       Record being retained for use            [ ]
       in Appeal No. _____

    Copies of this notice sent to:    Counsel of record
    [ ]    United States Marshal
    [ ]    United States Probation Office

**NOTE TO COUNSEL:**

If any physical and large documentary exhibits have been filed in the above-entitled cause, they are to be withdrawn ten days from the date of this notice.  Exhibits not withdrawn during this period will be disposed of.

Please acknowledge receipt of these documents on the enclosed copy of this notice.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Received above mandate and record, if any, from the Clerk, U.S. Court of Appeals for the Seventh Circuit.

Date: ____12/1/04_____    S/Denise Koester_____
(1071-120397)                             Deputy Clerk, U.S. District Court